**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JUAN MANUEL BATISTA, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class*,

    Plaintiff,

    v.

SBK PRESERVES, INC.,
SARABETH LEVINE, and
CHARLIE APT,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff JUAN MANUEL BATISTA (hereinafter, "Plaintiff" or "Plaintiff BATISTA"), by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, SBK PRESERVES, INC. ("Corporate Defendant"), SARABETH LEVINE, and CHARLIE APT ("Individual Defendants," and collectively with the Corporate Defendant, the "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) unpaid spread of hours premium; (3) compensation for late payment of wages; (4) statutory penalties; (5) liquidated damages; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JUAN MANUEL BATISTA, is a resident of Bronx County, New York.

6. Corporate Defendant, SBK PRESERVES, INC., is a domestic business corporation organized under the laws of New York, with a principal place of business and address for service of process located at 1161 E 156th Street, Bronx, NY 10474.

7. Individual Defendant SARABETH LEVINE is the principal and owner of Corporate Defendant. SARABETH LEVINE exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs, and the Class. With respect to

Plaintiff, FLSA Collective Plaintiffs, and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to SARABETH LEVINE regarding any of the terms of their employment, and SARABETH LEVINE would have the authority to effect any changes to the quality and terms of employees' employment. SARABETH LEVINE ensured that employees effectively serve customers and that the business is operating efficiently and profitably. SARABETH LEVINE exercised functional control over the business and financial operations of Corporate Defendants. SARABETH LEVINE had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members and could reprimand employees.

8. Individual Defendant CHARLIE APT is the CEO and owner of Corporate Defendant. CHARLIE APT exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs, and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs, and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to CHARLIE APT regarding any of the terms of their employment, and CHARLIE APT would have the authority to effect any changes to the quality and terms of employees' employment. CHARLIE APT ensured that employees effectively serve customers and that the business is operating efficiently and profitably. CHARLIE APT exercised functional control over the business and financial operations of Corporate Defendants. CHARLIE APT had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members and could reprimand employees.

9. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

11. At all relevant times, Plaintiff was Defendants' employee within the meaning of NYLL § § 2 and 651.

12. At all relevant times, Defendants were Plaintiff's employers within the meaning of NYLL § § 2 and 651.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees employed by Defendants at 1161 E 156th Street, Bronx, NY 10474, including general laborers, stockers, drivers, and loaders, on or after the date that is six (6) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collective Plaintiffs for all hours worked, including overtime premiums at the rate of one-and-one-half times the regular rate for work in

excess of forty (40) hours per workweek, due to Defendants' policies of time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees employed by Defendants at 1161 E 156th Street, Bronx, NY 10474, including general laborers, stockers, drivers, and loaders, on or after the date that is six (6) years before the filing of this Complaint (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently

based is within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of: (i) failing to pay for all hours worked including overtime premiums, due to Defendants' practice of time shaving; (ii) failing to provide spread of hours premium; (iii) failing to provide wage and hour notices per requirements of the NYLL; and (iv) failing to provide proper wage statements per requirements of the NYLL.

21. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members, including:

    a. Whether Defendants employed Plaintiff and Class Members within the meaning of NYLL and applicable state laws;

7

b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c. At what common rate, or rates, subject to common methods of calculation was and are Defendants required to pay Plaintiff and Class Members for their work;

d. Whether Defendants properly notified Plaintiff and Class Members of hourly rate and overtime rate;

e. Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime hours;

f. Whether Defendants operated their business with a policy of failing to pay Plaintiff, and Class Members for all hours worked, including overtime, due to time shaving;

g. Whether Defendants properly paid employees their corresponding spread of hours premium as required under the NYLL;

h. Whether Defendants paid Plaintiff and Class Members their lawful wages in a timely manner;

i. Whether Defendants provided wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of the NYLL and applicable state laws; and

j. Whether Defendants provided proper wage statements informing all non-exempt employees of information required to be provided on wage statements as required under the NYLL and applicable state laws.

**STATEMENT OF FACTS**

26.     In or around February 5, 2022, Plaintiff, JUAN MANUEL BATISTA, was hired by Defendants to work as a general laborer for Defendant SBK PRESERVES, INC., at a preserves-making facility located at 1161 E 156th Street, Bronx, NY 10474. Plaintiff was employed by Defendant until in or around June 1, 2022.

27.     During his employment with Defendants, Plaintiff was regularly scheduled to work seven (7) days per week from 6:00 a.m. to 6:00 p.m., for a total of eighty-four (84) hours per week. FLSA Collective Plaintiffs and Class Members were similarly scheduled to work more than forty (40) hours each week.

28.     Throughout his employment with Defendants, Plaintiff was paid at a regular hourly rate of fifteen dollars ($15.00) per hour, and an overtime rate of twenty-two dollars and fifty cents ($22.50) per hour for all his scheduled hours. Plaintiff was paid on a weekly basis. FLSA Collective Plaintiffs, and Class Members similarly were paid at similar rates.

29.     Throughout his employment with Defendants, Defendants automatically deducted one (1) hour per day from Plaintiff's wages for meal breaks, yet Defendants had a policy of not permitting Plaintiff to take a free and clear meal break. Plaintiff always worked throughout his break and consequently never had a free and clear meal break despite Defendants' daily one (1) hour deduction for such time from Plaintiff's wages. As a result, Plaintiff was time shaved a total of seven (7) hours per week. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving by automatically deducting for meal breaks which they did not take.

30.     At all relevant times, Defendants did not pay Plaintiff for all hours worked, notwithstanding the automatic meal break deductions. Throughout his employment with

9

Defendants, Plaintiff was scheduled to work and worked eighty-four (84) hours per week. However, every week Plaintiff was paid for approximately forty-five (45) hours, seemingly with no reason. Plaintiff was short approximately thirty-nine (39) hours every week. Plaintiff complained to Defendants about these failures to pay Plaintiff for all hours worked, but Defendants took no action to rectify this pay discrepancy. FLSA Collective Plaintiffs and Class Members were similarly not paid for all hours worked.

31. At all relevant times, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, he never received any spread of hours premium for working such shifts, as required under the NYLL. Class Members who worked shifts longer than ten (10) hours in duration were also not paid spread of hours premiums.

32. On a regular basis, Defendants also failed to timely pay Plaintiff his wages. For example, Plaintiff regularly did not receive his full wages within seven (7) days of the end of the week in which Plaintiff earned them, in violation of NYLL § 191(1)(a)(i)[1]. Throughout his employment, Plaintiff was always short approximately thirty-nine (39) hours per week. From his observations and conversations with co-workers, Plaintiff knows that Class Members similarly did not receive their wages within seven (7) days during the week in which they were earned, because Defendants did not pay them their wages for all hours worked. Therefore, Plaintiff and Class Members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

33. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

34. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members for all hours worked, including overtime due to time shaving.

36. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class Members, in violation of the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not providing wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

39. Plaintiff retained Lee Litigation Group, PLLC to represent himself, FLSA Collective Plaintiffs, and Class Members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

44. At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs due to time shaving policies.

45. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for all their hours worked.

46. Records, if any, concerning the number of hours worked by Plaintiff and FLSA

Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

48. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving, plus an equal amount as liquidated damages.

51. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

52. Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

53. At all relevant times, Plaintiff and Class Members were employed by the

Defendants within the meaning of the NYLL, §§ 2 and 651.

54. At all relevant times, Defendants had a policy and practice that failed to Plaintiff and Class Members their wages, including overtime, at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to time shaving.

55. Defendants failed to pay Plaintiff and Class Members their wages in the lawful amount for all their hours worked.

56. In addition, Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them the proper spread of hours premiums required by state law.

57. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their full wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

58. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members wage notice, at date of hiring and annually thereafter, as required under the NYLL.

59. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members proper wage statements, as required under the NYLL.

60. Due to Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime, due to time shaving; unpaid spread of hours premiums; damages for unreasonably delayed payments; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, under the FLSA and the NYLL;

d. An award of unpaid wages and overtime compensation due to Defendants' policy of time shaving under the FLSA and the NYLL;

e. An award of unpaid spread of hours premium due under the NYLL;

f. An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

g. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, overtime compensation, and spread of hours premium, pursuant to the FLSA and the NYLL;

i. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.  Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as Representative of the Class; and

m.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 5, 2022

Respectfully submitted,
By: */s/ C.K. Lee*
C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*